"[R]emoval . . . n.l.a. The act of removing. b. The fact of being removed." "Remove" means "[t]o take away; to extract; separate." The American Heritage Dictionary of the EnglishLanguage (1969) at 1101.
The applicable statute defines "willful conduct" as including the following:
 "The willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from such removal; provided, however, removal of such a guard or device shall not be willful conduct unless such removal did, in fact, increase the danger of use of the machine and was not done for the purpose of repair of the machine or was not part of an improvement or modification of the machine which rendered the safety device unnecessary or ineffective." (Emphasis supplied.)
Ala. Code 1975, § 25-5-11(c)(2).
There is no evidence that the safety guard wasremoved from the machine by Hogg. For some unexplained reason, the guard was not installed even after the plant had been in operation for three or four days.
"Install" means "to set in position and connect or adjust for use." The American Heritage Dictionary at 680. To me, there is a distinction between the removing of a guard, which constitutes "willful conduct," and the failure to install a guard. The Legislature made it clear that it intended removal of a safety guard under certain circumstances to constitute "willful conduct." Failure to install a safety guard where there has been no safety guard is "willful conduct" only if it constitutes such conduct under Ala. Code 1975, § 25-5-11(c)(1), as interpreted by this Court in Reed v. Brunson, 527 So.2d 102,119-21 (Ala. 1988).
 "All questions of 'propriety, wisdom, necessity, utility, and expediency are held exclusively for the legislative bodies, and are matters with which the courts have no concern. . . .' "
Reed v. Brunson, 527 So.2d at 116.
It was clearly mens legislatoris to allow certain removals of safety guards to constitute "willful conduct" without the mensrea required by § 25-5-11(c)(1). Why it chose to distinguish between failure to install safety guards and certain removals of safety guards may raise questions of legislative expediency or wisdom, but the separation of powers (Article III, §§ 42 and 43, Constitution of Alabama of 1901) prevents us from judicially legislating and limits us to determining whether the legislative branch of government had the power to enact the legislation. It did, and all matters of expediency and wisdom of the legislative *Page 501 
act are "confided" in the legislative department of the State and we, the judiciary, are enjoined by the people "to never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men." Section 43, Constitution.
The learned trial court did not err in entering summary judgment. I would affirm; therefore, I dissent.